UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


SUSAN BARNES,

             Plaintiff,                      CASE NO. 03-72229

-vs-                                  PAUL D. BORMAN
                                         UNITED STATES DISTRICT JUDGE

FEDERAL EXPRESS CORPORATION,

             DefendantS.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(e)

On March 31, 2005, the Court entered an Order Granting in Part and Denying in Part Defendant's Motion for Summary Judgment.  On April 14, 2005, Plaintiff filed a Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 59(e), arguing that the granting of summary judgment was premature because discovery was not complete.   Federal Rule of Civil Procedure 59(e) provides "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Fed. R. Civ. P. 59(e).  "On its face, Rule 59(e) covers only motions to amend or alter judgments.  It is well-settled, however, that this rule also provides for motions to vacate and for reconsideration."  *Braxton v. Scott,* 905 F.Supp. 455 (N.D. Ohio 1995). A Rule 59(e) motion may be granted for any one of three reasons: (1) because of an intervening change in controlling law; (2) because evidence not previously available has become available; or (3) because of a clear error of law or manifest injustice.  *Gen. Truck Drivers, Chauffeurs Warehousemen & Helpers, Local No. 957 v. Dayton Newspapers, Inc.,* 190 F.3d 434, 445 (6th

1

Cir. 1999). Plaintiff requests reconsideration based upon clear error of law and manifest injustice.

Plaintiff's Motion addresses the Court granting summary judgment on Plaintiff's Elliot-Larsen and Section 1981 discrimination claims because the claims were barred by the six month limitation period contained in her employment contract. Plaintiff's complaint alleged that she was fired in March, 2002 and she filed suit on June 10, 2003 more than one year after her alleged firing. Plaintiff contends:

> that if (sic) had been given the opportunity to complete discovery of Defendant's agents and if Defendant had not refused to supply Plaintiff with the complete answers to her discovery requests, Plaintiff would have been able to provide evidence of the following: a) documents proofing (sic) that her firing occurred in January, 2003 and therefore the June, 2003 filing on the within action was within the six (6) month statute of limitation, (sic) Further discovery would allow Plaintiff the opportunity to discovery (sic) documents which indicate when Defendant made its final decision regarding Plaintiff's second termination, and c) proof that the final retaliatory act happened in January, 2003.

(Plaintiff's Motion ¶13).

Plaintiff filed a Motion to Compel Defendant's Answers to Plaintiff's First Set of Interrogatories and Requests to Produce and Request to Extend Discovery on July 29, 2004 ("Motion to Compel"). Plaintiff also contends that she was not given the opportunity to depose Defendant's agents. The Court has reviewed Plaintiff's Motion to Compel, and finds that the requests were aimed towards establishing a pattern or practice to prove discrimination against Defendant, and do not provide a basis for vacating its judgment particularly when Plaintiff's complaint fails to allege she was fired in January, 2003. Indeed, Plaintiff's Motion to Compel makes no reference to her alleged firing in January, 2003, but provides that "Plaintiff was fired based on her race and in retaliation on or about March, 2002 (See Complaint paragraph 12)." (Motion to Compel ¶11 b))

2

Plaintiff cites authority providing that summary judgment is premature where discovery is not complete.  Plaintiff cites *White's Landing Fisheries, Inc. v. Buchholzer,* 29 F.3d 229, 231-32 (6th Cir. 1994) in which the Sixth Circuit held that summary judgment should not have been awarded without affording plaintiffs some opportunity for discovery.  The Court finds *White's Landing* inapplicable to the instant facts because in that case, summary judgment was awarded before any discovery took place.  In the instant case, discovery was almost complete, in fact the last Court ordered discovery deadline was June 30, 2004.  The Court finds that Plaintiff's allegations that additional discovery will help her prove that she was fired in January 2003 are insufficient for this Court to vacate its Order of Summary judgment on Plaintiff's Elliott-Larsen and Section 1981 claims.

The Court finds that Plaintiff's complaint is devoid of any allegation pertaining to Plaintiff's alleged discharge in January, 2003, therefore additional discovery is not necessary.  The Plaintiff first raised this issue in her Response to Defendant's Motion for Summary Judgment.  The Court notes that Plaintiff's Response to Defendant's Motion for Summary Judgment provided no support by way of affidavits or otherwise for the notion that Plaintiff was terminated in January 2003.  As the Court provided in its March 31, 2005 Order:

> Plaintiff claims that she was also terminated in January 2003.  However, this Court finds that there is no evidence in the record supporting this claim.  The evidence in the record supports a finding that Plaintiff is challenging her March 2002 termination.  Her complaint, deposition testimony and a letter from the Michigan Department of Civil Rights all reference a March 2002 termination.

(March 31, 2005 Order, fn. 2).  Under these circumstances, the Court finds that there was no clear error of law or manifest injustice in its granting summary judgment on Plaintiff's Elliott-Larsen and Section 1981 claims based upon the six month limitation period contained in her

3

employment contract. Accordingly, the Court denies Plaintiff's Motion for Reconsideration.


**SO ORDERED**


                                 s/ Paul D. Borman
                                PAUL D. BORMAN
                                UNITED STATES DISTRICT JUDGE

Dated:  May 12, 2005

CERTIFICATE OF SERVICE


Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on May 12, 2005.

                                s/Jonie Parker
                                Case Manager

4