UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUSAN BARNES,

        Plaintiff,                    CIVIL ACTION NO. 03-CV-72229-DT

  vs.                             DISTRICT JUDGE AVERN COHN

FEDERAL EXPRESS CORP.,      MAGISTRATE JUDGE MONA K. MAJZOUB

        Defendant.
_____/

**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS TO PRODUCE AND REQUEST TO EXTEND DISCOVERY IN PART AND DENYING IT IN PART**

**I.    Background**

Plaintiff was employed by Defendant from May 15, 1997 through March 2002, at which point Defendant terminated him. Plaintiff filed an internal grievance and was reinstated on May 1, 2002. Plaintiff's complaint, filed June 10, 2003, alleges that the March, 2002 termination was the result of a combination of race discrimination, sex discrimination, and retaliation. Plaintiff brought discrimination claims under Title VII, 42 U.S.C. § 1981, and Michigan's Eliot-Larsen Civil Rights Act. Defendant terminated Plaintiff again in 2003.[1] The Court has granted summary judgment for the Defendant on the 42 U.S.C. § 1981 claims and the Eliot-Larsen claims. Plaintiff's Title VII claims remain.

Plaintiff filed the instant motion on June 9, 2005 seeking an order to compel Answers to Plaintiff's Interrogatories Nos. 1-7, 9, 11, and 13. Plaintiff also seeks amended responses to Plaintiff's Requests to Produce Documents Nos. 2-9, 10, 11, 13, 15, 16-20, 22, 23, 24, 26, and 27.

---

[1]Plaintiff's complaint does not address the 2003 termination.

After thorough briefing by the parties, the Court held oral argument on the Motion on October 6, 2005.

## II.     Defendant's Two Blanket Objections

Many of Plaintiff's discovery requests seek information about Defendant's employees who worked at Plaintiff's past job sites. Defendant consistently raises two objections to most of the disputed discovery requests: relevance and third party privacy.  The Court will address these two objections generally before discussing the individual discovery requests.

### A.     Relevance

Under FED. R. CIV. P. 26(b)(1), discovery may be had "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action . . . if the information sought appears reasonably calculated to the discovery of admissible evidence."

Plaintiffs Interrogatories and Requests for Production of Documents seek discovery regarding other employees that might establish a "pattern or practice" of past discrimination. Defendant objects that discovery concerning other similarly situated employees is irrelevant as a matter of law because Plaintiff is an individual claimant.  Defendant argues that, because Plaintiff cannot succeed on the merits by proving a "pattern or practice" of discrimination, Plaintiff is not entitled to evidence that would allow such proof.  Defendant relies on the Sixth Circuit's recent decision in *Bacon v. Honda*, Fed. Appx. 155 (6th Cir. 2004), holding that the "pattern and practice" method of proving discrimination in class-action employment discrimination action is not available to an individual plaintiff.  However, *Bacon* clearly establishes that the same type of evidence that would support a "pattern or practice" allegation in a class-action case will usually be admissible in an individual case.  To prevail on the merits, a single plaintiff must prove individual discrimination

by a defendant, regardless of the defendant's general patterns or practices. But evidence concerning an employer's treatment of similarly situated employees may be relevant to the employer's decision making process vis-a-vis an individual employee.

**B.     Third Party Privacy**

Many of Plaintiff's discovery requests seek information about Defendant's other similarly situated employees. Defendant argues that Plaintiff should be denied this discovery because Defendant must protect its employees' privacy. When a plaintiff alleging employment discrimination seeks information about other similarly situated employees, such discovery requests frequently implicate employee privacy and confidentiality issues. In such cases, a plaintiff must make a somewhat greater showing of relevance to obtain potentially sensitive discovery concerning other employees, such as personnel files. *Miller v. Federal Express Corp.*, 186 F.R.D. 376, 384 (W.D. Tenn. 1999). As the *Miller* court recognized, the personnel files of similarly situated employees of a defendant are discoverable if a protective order adequately protects the privacy interests of the third parties. *Id.*

At oral argument on October 6, 2005 the were ordered parties to submit a proposed protective order to the Court by October 24, 2005. A proposed protective order was submitted by Defendant on October 24, 2005, which the Court has entered without alteration.

**III.    Specific Discovery Requests**

**Plaintiff's Interrogatory No. 1**

> Regarding the Novi and Southfield, Michigan stores, identify each employee who is/was employed by Defendant during Plaintiff's employment to present. In addition to identifying, please state the following; a) race b) rate of pay c) dates of employment d) work locations during term of employment.

Plaintiff's request for the name, race, work location, and dates of employment of the employees working at the specific locations where Plaintiff worked is reasonably formulated to lead to the production of admissible evidence. At oral argument, Plaintiff's counsel agreed to limit the scope of this interrogatory to employees who performed the same job as Plaintiff. With respect to Interrogatory 1, Plaintiff's Motion to Compel is **Granted** with the above limitation.

### Plaintiff's Interrogatory No. 2

> Please state the salary Plaintiff was receiving at the time of discharge/separation from Defendant and indicate what increases in salary have occurred and/or are anticipated for employees in the department in which Plaintiff worked.

The salary history of the employees in Plaintiff's department is relevant to the issue of damages. Plaintiff's Motion to Compel is **Granted** as to Interrogatory No. 2.

### Plaintiff's Interrogatory No. 3

> Please identify each and every witness Defendant intends to call at trial in addition please state: a) the relationship/connection of the witness, if any, to the parties in this case; b) The knowledge that witness has which is applicable to this case and the testimony which the witness is expected to give in this matter.

As contemplated by Fed. R. Civ. P. 26, the date on which the parties are required to exchange pretrial witness lists is governed by this Court's scheduling order. Defendant is not required to disclose this information prior to the date specified by Rule 26 and the scheduling order. Plaintiff's Motion to Compel is **Denied** with respect to Interrogatory No. 3.

### Plaintiff's Interrogatory No. 4

> Please identify and describe every charge and/or lawsuit and/or arbitration proceeding brought against Defendant alleging discrimination, harassment, and/or retaliation, indicating for each the forum, case or docket number, status, resolution, and content, and

>please identify the person bringing the charge and/or lawsuit and/or arbitration.

Plaintiff's Motion to Compel an Answer to Interrogatory No. 4 is **Granted in Part and Denied in Part.** To the extent that Plaintiff's Interrogatory requests information regarding Defendant's Novi and Southfield locations from May 15, 1997 to May 1, 2002, the information sought is relevant and Plaintiff's Motion is **Granted**. The remainder Plaintiff's request **Denied** as overbroad.

**Plaintiff's Interrogatory No. 5**

>Please identify for each and every paragraph of Defendant's answer, all person who have information and/or knowledge related to or relevant to Defendant's answer.

Plaintiff's Motion to Compel an Answer to Interrogatory No. 5 is **Granted**, as the Interrogatory seeks relevant, non-privileged information.

**Plaintiff's Interrogatory No. 6**

>Please identify for each and every paragraph of Defendant's affirmative defenses, all persons who have information and/or knowledge related to or relevant to Defendant's affirmative defenses.

Plaintiff's Motion to Compel an Answer to Interrogatory No. 6 is **Granted**, as it seeks relevant, non-privileged information.

**Plaintiff's Interrogatory No. 7**

>Please identify the persons who have knowledge relating to the charges filed by Plaintiff with the EEOC and/or Michigan Department of Civil Rights.

Defendant argues that it has all produced documents responsive to this interrogatory. Plaintiff's Motion to Compel an Answer to Interrogatory No. 7 is **Denied**.

**Plaintiff's Interrogatory No. 9**

> Please state and describe each and every ground relied upon, known, and/or heard by Defendant to indicate that Plaintiff did not perform satisfactory work for Defendant.

Defendant claims that it has produced documents responsive to this interrogatory. Defendant is ordered to produce the bates numbers of the documents responsive to Interrogatory No. 9. Plaintiff's Motion to Compel an Answer to Interrogatory No. 9 is **Granted in Part and Denied in Part**.

### Plaintiff's Interrogatory No. 11

> Please Indicate whether you contend that Plaintiff suffered nervousness, emotional distress, and/or mental anguish for some reason other than her treatment as an employee and/or Plaintiffs discharge by Defendant, and, if so, state and describe each and every ground relied upon, known, and/or heard by Defendant to support that contention.

Interrogatory No. 11 is improper in form. Therefore, Plaintiff's Motion to Compel an Answer to Interrogatory No. 11 is **Denied**.

### Plaintiff's Interrogatory No. 13

> For each person identified in the answer to each interrogatory please state and describe what contact Defendant through its representative, employee, agent, independent contractor, insurers, and/or attorneys has had with Defendant concerning the matters involved in this lawsuit.

Interrogatory No. 13 seeks both privileged and non-privileged information. Defendant need not disclose meetings and contacts that are protected by the attorney-client or work product privileges, but must disclose the non-privileged contacts sought by this interrogatory. Plaintiff's Motion to Compel an Answer to Interrogatory No. 13 is **Granted in Part and Denied in Part**.

### Plaintiff's Requests for Production of Documents Nos. 1 through 9

Plaintiff's Requests to Produce Documents Nos. 1 through 9 seek the personnel records of

several employees of Defendant. Plaintiff's Requests for Production of Documents are **Granted in Part and Denied in Part**. At oral argument, the parties conceded that those portions of the personnel files pertaining to training, discipline, performance reviews, and "finder's keeper's" logs are relevant and sufficient to satisfy Plaintiff's request. Defendant is ordered to produce those portions of the personnel files.

### Plaintiff's Requests for Production of Documents Nos. 10, 11, 13, 15, 17, 20, and 22

**10** Any and all EEOC forms filed naming and/or mentioning Kelly Rodgers, Jeannette Cooper or any allegation of discrimination and/or unfair treatment at the Novi and Southfield Michigan stores.

**11** EEOC investigation reports involving claims against Kelly Rodgers and Jeannette Cooper or any allegation of discrimination and/or unfair treatment at the Novi and Southfield Michigan stores.

**13** Any and all documents, records, notes correspondence, papers and memoranda concerning Kelly Rodgers or Jeannette Cooper and complaints against them for discrimination and/or unfair treatment which are not contained in their personnel file.

**15** Any and all documents, records, notes, correspondence, papers and memoranda concerning disciplinary action taken against Susan Barnes, Kim Sampson, Jeannette Cooper, Chris McEllen or Kelly Rodgers.

**17** Copy of any and all information documents, records, notes, correspondence, papers and memoranda concerning Susan Barnes, Kim Sampson, Jeannette Cooper or Kelly Rodgers which has been entered into the Online Document Compliment/Counseling (OLCC) system in PRISM.

**20** Any and all information documents, records, notes, correspondence papers and memoranda concerning allegations of discrimination at the Detroit, Novi and Southfield Stores.

**22** Produce any and all documents, writing and things relation to any complaint for racial discrimination presented to Defendant's Novi and Southfield store from January 2000 to present.

Plaintiff's Motion is **Granted** as to Defendant's Novi and Southfield stores for the period from May 15, 1997 to May 1, 2002.  Plaintiff's Motion to Compel is **Denied** insofar as these requests seek information from Defendant's other stores or from other time periods.  Plaintiff's Motion to Compel is **Granted in Part and Denied in Part**.

**Plaintiff's Requests for Production of Documents Nos. 16 and 19 (Finder's Keeper's)**

**16**     Regarding the Novi and Southfield, Michigan locations[, provide] any and all documents, records, notes, correspondence, papers and memoranda concerning individuals which were investigated, disciplined and/or fired based on allegations involving 'Finder Keepers' from 2000 to present.

**19**     Copy of any and all information documents, records, notes, correspondence papers and memoranda concerning procedures for "Finders Keepers."

Requests Nos. 16 and 19 seek relevant information.  Plaintiff's Motion to Compel is **Granted** with respect to Requests for Production of Documents No. 16 and 19.

**Plaintiff's Request for Production of Documents No. 18**

> Copy of any and all information documents, records, notes, correspondence, papers and memoranda concerning job descriptions for each of the job classification at the Novi and Southfield, Michigan stores.

To the extent that Plaintiff seeks documents pertaining to her former job classification and other job classifications involved in Defendant's "finder's keeper's" program, Plaintiff's Request for Production of Documents No. 18 seeks relevant, non-privileged information.  Defendant will produce the documents pertaining to Plaintiff's former job and other jobs involved in the "finder's keeper's" program.  Defendant need not produce documents only relevant to jobs that were not part of the "finder's keeper's" program.  Plaintiff's Motion to Compel is **Granted in Part and Denied in Part**.

8

**Plaintiff's Request for Production of Documents No. 23(c)**

> Produce each record and document which in any manner relates to, concerns or touches upon Plaintiffs employment with Defendant, including; all documents setting forth the employment policies of Federal Express Corporation.

Plaintiff's Request to Compel is **Granted in Part and Denied in Part**. The parties are directed as follows: Defendant will allow an inspection of the table of contents, and Plaintiff will decide which sections will be produced. After Plaintiff has had a chance to read the initial production, she may request any additional cross-referenced sections.

**Plaintiff's Request for Production of Documents No. 24**

> Produce any and all documents, writings, reports and things relating to any expert witness pertaining to the subject matter of this litigation including documents concerning: compensation already paid, compensation yet to be paid, the times when payment will become due and any conditions that each expert must meet in order to secure compensation.

The timing of the disclosures sought Request No. 24 is specifically governed by by Fed. R. Civ. P. 26(a)(2)(C). Both parties are obligated to provide the identity of prospective experts and an expert report either at least 90 days before a scheduled trial date. Plaintiff's Motion to Compel is **Granted**, but Defendant need not provide a full answer until the time dictated by Fed. R. Civ. P. 26(a)(2)(C).

**Plaintiff's Request for Production No. 26**

> Produce any and all documents, writings and things Defendant used and/or relied on in answering Plaintiff's First Set of Interrogatories to Defendant.

Because Plaintiff's Request for Production No. 26 seeks information protected by the work product privilege, Plaintiff's Motion to Compel is **Denied**.

Defendant will provide the ordered discovery within 21 days of the date of this order.

**IT IS SO ORDERED**.

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: November 21, 2005                    s/ Mona K. Majzoub
                                            MONA K. MAJZOUB
                                            UNITED STATES MAGISTRATE JUDGE

## Proof of Service

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: November 21, 2005                    s/ Lisa C. Bartlett
                                            Courtroom Deputy