UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUSAN BARNES,

       Plaintiff,                        CIVIL ACTION NO. 03-CV-72229-DT

vs.                                   DISTRICT JUDGE PAUL D. BORMAN

FEDERAL EXPRESS CORP.,       MAGISTRATE JUDGE MONA K. MAJZOUB

       Defendant.
_____/

## ORDER GRANTING PLAINTIFF'S SECOND MOTION TO COMPEL AND DENY DEFENDANT'S MOTION TO AMEND/CORRECT

**I.    Background**

Plaintiff was employed by Defendant from May 15, 1997 through March 2002, at which point his employment was terminated by Defendant. Plaintiff filed an internal grievance and was reinstated on May 1, 2002.

Plaintiff's complaint, filed June 10, 2003 alleges that the March, 2002 termination was the result of acts of race discrimination, sex discrimination, and retaliation. Plaintiff brought discrimination claims under Title VII, 42 U.S.C. § 1981, and Michigan's Eliot-Larsen Civil Rights Act. Defendant terminated Plaintiff again in 2003.[1] The Court has granted summary judgment for the Defendant on the 42 U.S.C. § 1981 claims and the Eliot-Larsen claims. Plaintiff's Title VII claims remain.

Before the Court are Defendant's Motion to Amend/Correct, filed on December 19, 2005, and Plaintiff's Second Motion to Compel Discovery, filed January 18, 2006. Both motions have been referred to the undersigned for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A)

---

[1] Plaintiff's complaint does not address the 2003 termination.

by the Honorable Paul D. Borman. The Court has dispensed with oral argument pursuant to local rule 7.1.

On June 9, 2005 Plaintiff filed a Motion to Compel Answers, seeking an order compelling Answers to Plaintiff's Interrogatories Nos. 1-7, 9, 11, and 13. Plaintiff also sought amended responses to Plaintiff's Requests to Produce Documents Nos. 2-9, 10, 11, 13, 15, 16-20, 22, 23, 24, 26, and 27. After thorough briefing by the parties, the Court held oral argument on the Motion on October 6, 2005. At the oral argument, the Court indicated that Defendant's blanket objections to Plaintiff's discovery were not well founded, that Plaintiff's Motion would be granted in substantial part, but also indicated that Defendant could limit the temporal scope of some of its responses. On November 15, 2005, the Court entered a detailed written order covering all of the disputed discovery requests. The Court ordered Defendant to provide a broad spectrum of discovery responses by December 6, 2005.

Defendant failed to supplement its discovery responses by December 6, 2005 as ordered. On December 19, 2005 Defendant filed the instant Motion to Amend/Correct. Defendant argued that the Court had made an inadvertent mistake in its written order with respect to Interrogatory No. 2. As of January 9, 2006 Defendant had not produced anything in response to any part of this Court's order. Defendant finally produced partial responses on January 17, 2006, shortly before Plaintiff filed the instant motion to compel.

Defendant originally objected that Plaintiff's disputed Interrogatories sought irrelevant information. Both at the hearing and in its written opinion, the Court provided a detailed analysis of the relevance of the requested discovery to various issues to this case. Of principal importance to the instant motions is the portion of the Court's order addressing Plaintiff's Interrogatory 2:

> **Plaintiff's Interrogatory No. 2**
>
> Please state the salary Plaintiff was receiving at the time of discharge/separation from Defendant and indicate what increases in salary have occurred and/or are anticipated for employees in the department in which Plaintiff worked.
>
> The salary history of the employees in Plaintiff's department is relevant to the issue of damages. Plaintiff's Motion to Compel is **Granted** as to Interrogatory No. 2.

(Order Granting Pl.'s Mot. to Compel, Nov. 15, 2005).

In its written opinion, the Court limited the scope of some of Plaintiff's other discovery requests because the original requests were overly broad. In particular, the Court ordered that Defendant answer certain discovery requests only for the period from May 15, 1997 to May 1, 2002. However, the Court did not limit the scope of Defendant's response to Interrogatory 2. This is because the measure of Plaintiff's potential damages is the total expected difference between the salary paid to Plaintiff and the salary Plaintiff would have been paid but for Defendant's alleged discriminatory acts. The salary history of persons in Plaintiff's job category up to the present day is relevant to this calculation. The Court's prior written Order was correct, and Defendant's Motion to Amend Correct is **DENIED**.

Defendant apparently seized on a comment from the Court concerning the limited time period for which certain discovery requests sought relevant information. Defendant maintains that this was a ruling concerning the scope of its obligation to comply with Plaintiff's Interrogatory 2. Rather than comply with the bulk of the Court's Order and provide partial discovery responses in December, 2006, Defendant did nothing. Defendant did not begin to partially comply with this Court's prior order until one day before Plaintiff filed a second motion to compel. Defendant

3

maintains it waited in part because it was waiting to review a transcript of the oral argument to see if the transcript would support defense counsel's recollection of his colloquy with the Court. Defendant maintains that the transcript supports its contentions, but has declined to cite to or include a relevant portion of that transcript in any of the briefs now before the Court.

As mentioned above, the Court's prior written Order was correct. Plaintiff's Second Motion to Compel is **GRANTED** and Defendant is ordered to fully comply with this Court's order of November 15, 2006.

Plaintiff argues that Defendant's conduct in delaying its discovery responses was not substantially justified, and caused Plaintiff to file an additional and unnecessary response to Defendant's motion and file an unnecessary discovery motion. The Court finds that Defendant's conduct was, at best, not substantially justified. Federal Rule of Civil Procedure 37 allows this Court to issue "such orders as are just" as sanctions for failure to comply with a prior discovery order. Plaintiff's motion for sanctions is **GRANTED**. Defendant is ordered to pay $500 to compensate Plaintiff for having to engage in the unnecessary litigation of the instant motions because of Defendant's dilatory conduct.

Dated: May 11, 2006          s/ Mona K. Majzoub
                                        MONA K. MAJZOUB
                                        UNITED STATES MAGISTRATE JUDGE

**Proof of Service**

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: May 11, 2006          s/ Lisa C. Bartlett
                                        Courtroom Deputy